1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JERMOND CHRISTOPHER DAVIS,       )       NO. CV 16-6861-JAK (AGR)
                                 )
              Petitioner,        )
                                 )       ORDER TO SHOW CAUSE
       v.                        )
                                 )
THE PEOPLE OF THE STATE OF       )
CALIFORNIA,                      )
                                 )
              Respondent.        )
_____ )

       For the reasons discussed below, the Court orders Petitioner to show cause,

on or before **November 3, 2016**, why the Court should not recommend dismissal

of the petition based on what is commonly called *Younger* abstention.

**I.**

**SUMMARY OF PROCEEDINGS**

       On September 13, 2016, Petitioner filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  Petitioner is a pretrial county jail detainee awaiting

trial on aggravated assault charges pending in Los Angeles County Superior

Court case number BA444981.  (Petition at 2.)

       Petitioner lists the following grounds for relief:  (1) arrest without a valid

warrant; (2) "no Miranda decision was issued"; and (3) malicious prosecution, in

that the prosecutor was "well aware" that Petitioner was arrested without a valid warrant.  (Petition at 5-6.)

## II.

## DISCUSSION

"As an exercise of judicial restraint, . . . federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).  "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see also Younger v. Harris,* 401 U.S. 37, 44-45 (1971) (in general, federal court should not interfere with ongoing state proceedings).

Abstention from interference with pending state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, and afford an adequate opportunity to raise federal questions.  *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  Here, all of the prerequisites to Younger abstention have been met.  *Younger* involved criminal proceedings.  The proceedings are ongoing.  Petitioner' claims here involve California's important interest in the order and integrity of its criminal proceedings.  *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief").  Finally, nothing prevents Petitioner from raising his federal claims in state court, either at the trial level or at the appellate level.  Therefore, *Younger* abstention is appropriate.

Petitioner has not demonstrated any "special" or "extraordinary" circumstance based upon which the Court should entertain the petition.  Nor does any exception to *Younger* apply.  An exception requires Petitioner to show he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of California in prosecuting him, or that the state tribunal is biased against the federal claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975); *Younger*, 401 U.S. at 46.  Petitioner contends that the prosecution knows that Petitioner was arrested without a valid warrant, but he does not support this contention.

**III.**

**ORDER**

IT IS THEREFORE ORDERED that, on or before **November 3, 2016**, Petitioner shall show cause why the Court should not abstain from entertaining the petition.  If Petitioner does not timely respond to this Order to Show Cause, the Court will recommend that the petition be dismissed without prejudice based on abstention.

DATED: October 3, 2016

ALICIA G. ROSENBERG
United States Magistrate Judge